## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OR VIRGINIA
### (RICHMOND DIVISION)

|  |  |
|---|---|
| UNITED NETWORK FOR ORGAN SHARING,<br>700 North 4th Street<br>Richmond, VA 23219<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES,<br>200 Independence Avenue SW<br>Washington, DC 20201<br><br>Defendant. | Civil Action No. ___3:18cv158___ |

## COMPLAINT

Plaintiff United Network for Organ Sharing brings this action against Defendant the U.S. Department of Health and Human Services to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").

### THE PARTIES

1. United Network for Organ Sharing ("UNOS") is the private, non-profit organization that manages the United States' organ transplant system under contract with the Department of Health and Human Services ("HHS") and the Health Resources and Services Administration ("HRSA"). UNOS's mission is to improve the effectiveness of the U.S. organ procurement and transplantation system and to provide for the fair and equitable distribution of all donated organs. UNOS is a Virginia non-stock, not-for-profit corporation with its principal place of business at 700 North 4th Street, Richmond, Virginia 23219.

Case Case 3:18-cv-00158-REP   Document 1   Filed 03/08/18   Page 2 of 8 PageID# 4324

2.      Defendant U.S. Department of Health and Human Services in an agency of the U.S. Government and is headquartered at 200 Independence Avenue, SW, Washington, DC 20201. HHS is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). HRSA is an agency of HHS. HHS and HRSA have possession, custody, and control of the records to which UNOS seeks access.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

4.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## FACTS

### *HHS and HRSA's Request for Information*

5.      The Organ Procurement and Transplantation Network ("OPTN") is the unified organ transplant network established by Congress under the National Organ Transplant Act of 1984, 42 U.S.C. § 274.

6.      UNOS serves—and since the OPTN's first authorization in 1986 has served—as the OPTN under its contract with HRSA.

7.      On December 1, 2017, HHS and HRSA published a Request for Information (the "RFI") regarding the re-issuance of the OPTN contract, responses to which were to be emailed in PDF format to HRSA no later than December 22, 2017.

8.      UNOS responded to the RFI on December 21, 2017, with a nine-page response.

9.      On information and belief, HRSA received a total of 59 pages of responses to the RFI, including UNOS's nine-page response.

10.     Among other things, the RFI directed potential respondents that "No proprietary, classified, confidential, or sensitive information should be included in your response."

### *UNOS's FOIA Request and*
### *HRSA's Wrongful Withholding of Records*

11.     On January 12, 2018, UNOS submitted a FOIA request to HRSA seeking access to "copies of all responses submitted to [HRSA] in response to the Request for Information for the [OPTN], issued by the Healthcare Systems Bureau on December 1, 2017, with a response deadline of December 2[2], 2017, including any response that may have been submitted after the deadline regardless of whether those responses were considered by the government." A copy of UNOS's January 12, 2018 FOIA request is attached as **Exhibit A**.

12.     On January 19, 2018, HRSA responded to UNOS's FOIA request in a "Final Response," stating that "[a] records search was conducted . . . but no records were located that are responsive to your request." A copy of HRSA's January 19, 2018 response is attached as **Exhibit B**.

13.     On January 19, 2018, UNOS responded to HRSA, stating that, because UNOS itself had submitted a response to the RFI that HRSA's records search had not located, HRSA's initial search was not adequate. A copy of UNOS's January 19, 2018 response is attached as **Exhibit C**.

14.     On January 29, 2018, HRSA sent a "Final Response (Revised)," stating that based on the information UNOS had provided, HRSA "conducted a search and located 50 pages of responsive records (excluding comments submitted by UNOS)." A copy of HRSA's January 29, 2018 response is attached as **Exhibit D**.

15.     HRSA's January 29 response stated that HRSA has "determined to withhold all 50 pages, in their entirety, under FOIA Exemption(s) 4 and 5, 5 U.S.C. § 552(b)(4) and (b)(5)."

16.     FOIA Exemption 4 exempts from disclosure "matters that are . . . trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4).

17.     FOIA Exemption 5 exempts from disclosure "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).

18.     HRSA's January 29 response also notified UNOS of its right to appeal HRSA's decision to withhold the records and directed UNOS to submit its appeal to the applicable HHS official.

19.     On February 2, 2018, UNOS submitted its appeal. A copy of UNOS's February 2, 2018 appeal is attached as **Exhibit E**.

20.     In its appeal, UNOS expressly challenged HRSA's reliance on FOIA Exemptions 4 and 5.

21.     As to Exemption 4, UNOS noted that the RFI directed potential respondents that "No proprietary, classified, confidential, or sensitive information should be included in your response" and thus no response would be "privileged or confidential" as required for the § 552(b)(4) exemption. UNOS also noted that even if a response were to contain proprietary, etc., information, only that portion of the response would be exempt from disclosure, not its entirety.

22.     As to Exemption 5, UNOS noted that the RFI responses were third-party documents, not the "inter-agency or intra-agency memorandums or letters" exempted under § 552(b)(5).

23.     On February 5, 2018, HHS acknowledged receipt of UNOS's appeal. A copy of HHS's February 5, 2018 acknowledgment is attached as **Exhibit F**.

24.    In February 23, 2018 emails, HHS stated that "[I]t could possibly take several weeks or months to process your appeal" and that UNOS's "appeal is currently in the queue of open appeals awaiting review." Copies of HHS's February 23, 2018 emails are attached as **Exhibit G**.

25.    Under FOIA, HHS is required to "make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal." 5 U.S.C. § 552(a)(6)(A)(ii).

26.    Under HHS's FOIA regulations, HHS is required to "respond to your appeal within 20 working days after the appeal official designated in your appeal letter receives it." 45 C.F.R. § 5.63(a).

27.    To date, HHS has made no determination on UNOS's appeal.

28.    More than 20 working days have passed since HHS received UNOS's appeal.

29.    On March 5, 2018, HHS provided what it states is an "interim response." A copy of HHS's March 5, 2018 letter is attached as **Exhibit H**.

30.    In its March 5 "interim response," HHS states that "[u]pon receipt of [UNOS's] appeal letter," HHS "reviewed the records and . . . decided to reopen [UNOS's] request and provide [UNOS] with a subsequent response." The March 5 interim response also states that it may be followed by a "final response."

31.    In its March 5, interim response, HHS states that it received five responses to the RFI, one of which was from UNOS. HHS provided 14 pages of documents—nine of which were UNOS's own response—that "encompass[] four of the five responses received to the RFI."

32.     HHS states that it is withholding the remaining response under Exemption 4, §
552(b)(4), because it was marked "confidential," despite the RFI's direction no proprietary,
classified, confidential, or sensitive information should be included in the responses.

33.     HHS also redacted certain portions of the provided documents under Exemption
4, § 552(b)(4), and Exemption 6, § 552(b)(6), exempting from disclosure "personnel and medical
files and similar files the disclosure of which would constitute a clearly unwarranted invasion of
personal privacy." HHS's March 5 interim response does not expressly withdraw HHS's earlier
Exemption 5 claim.

34.     In addition to wrongly withholding responsive records under Exemption 4, it is
unclear whether HHS's March 5 interim response provided all four of the non-withheld RFI
responses referenced in the letter. For one of the parties that responded to the RFI, HHS
produced only two emails, with less than two pages of text, the operative portions of which are
redacted under Exemption 4.

35.     On information and belief, HHS is wrongfully withholding responsive records
under FOIA Exemptions 4 and 5.

36.     On information and belief, illustrating the appropriate public interest in disclosure
to ensure the transparency of and public trust in the United States' organ transplant system, two
other organ-transplant-related organizations filed substantially similar FOIA requests, both of
which were similarly denied by HHS and HRSA.

37.     On information and belief, in response one of the other organ-transplant-related
organization's FOIA requests, HHS stated that there were six responsive records—all withheld
in their entirety under Exemption 4—instead of the five records that HHS has identified in its
responses to UNOS's request.

Case 3:18-cv-00158-REP   Document 1   Filed 03/08/18   Page 7 of 8 PageID# 4329

38.     UNOS therefore has instituted this action to ask the Court to order HHS and HRSA to disclose the responsive records.

## COUNT I
## VIOLATION OF FOIA, 5 U.S.C. § 552

39.     UNOS reincorporates by reference the preceding paragraphs of this Complaint.

40.     UNOS properly requested records within the possession, custody, and control of HHS and HRSA.

41.     HHS is an agency subject to FOIA, and it and its agency HRSA must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

42.     HHS, through its agency HRSA, is wrongfully withholding records requested by UNOS by failing to produce non-exempt records responsive to UNOS's proper request.

43.     HHS, through its agency HRSA, is wrongfully withholding responsive records requested by UNOS by claiming the records are exempt from disclosure under FOIA Exemptions 4 and 5, 5 U.S.C. § 552(b)(4) and (b)(5). The responsive records do not qualify for FOIA Exemptions 4 and 5 and thus must be disclosed to UNOS.

44.     HHS, through its agency HRSA, is wrongfully withholding responsive records requested by UNOS by failing to comply with the statutory time period for responding to UNOS's administrative appeal. UNOS has therefore exhausted the applicable administrative remedies with respect to HHS's wrongful withholding of the responsive records.

45.     HHS's wrongful withholding of responsive records is continued in its March 5 "interim response," which wholly withholds one responsive record, may withhold a second responsive record, and redacts responsive portions of the records provided.

46.     HHS and HRSA's failure to provide the responsive records violates FOIA. 5 U.S.C. § 552(a)(3)(A).

47.     UNOS is therefore entitled to injunctive relief requiring HHS to produce the records responsive to UNOS's FOIA request.

## REQUESTED RELIEF

WHEREFORE, Plaintiff requests that this Court:

A.     Order Defendant to conduct an appropriate and thorough search for records responsive to Plaintiff's FOIA request;

B.     Order Defendant to promptly produce to Plaintiff any records responsive to Plaintiff's FOIA request in their entirety;

C.     Enjoin Defendant from continuing to withhold any records responsive to Plaintiff's FOIA request;

D.     Award Plaintiff its costs and reasonable attorneys' fees incurred in this action under 5 U.S.C. § 552(a)(4)(E); and

E.     Grant any other relief as the Court may deem just and proper.


Dated: March 8, 2018                    Respectfully submitted,

Turner A. Broughton (VSB No. 42627)
Jonathan T. Lucier (VSB No. 81303)
WILLIAMS MULLEN
200 South 10th Street
Richmond, VA 23219
Tel: (804) 420-6000
Fax: (804) 420-6507
Email: tbroughton@williamsmullen.com
Email: jlucier@williamsmullen.com

*Counsel for the United Network for Organ Sharing*

8